IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOHAMED MOHAMED SOLIMAN, et al. | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| VS. | : | |
| | : | NO. 07-CV-0682 |
| ALBERTO R. GONZALES, et al. | : | |
| | : | |
| Defendants | : | |

GOLDEN, J.                                                                                       DECEMBER 5, 2007

**<u>MEMORANDUM OPINION & ORDER</u>**

Before the Court is defendants' motion to dismiss plaintiffs' Complaint for lack of subject matter jurisdiction. After reviewing the submissions of the parties, and for the following reasons, defendants' motion is denied.

Plaintiffs, husband and wife, petition the court for a writ of mandamus pursuant to the Mandamus Act, 28 U.S.C. § 1361. They ask this Court to compel the United States Citizenship & Immigration Service[1] ("USCIS") to decide whether to approve or deny plaintiffs' Application for Adjustment of Status (Form I-485) filed pursuant to 8 U.S.C. §1255, and Immigration Petition (Form I-130) filed pursuant to 8 U.S.C. §1154. Plaintiffs filed both of these applications on May 28, 2004, and no decision has been rendered. As of November 19, 2006, USCIS had completed a fingerprint review with regard to the Application for Adjustment of Status, and the Immigration Petition was received and pending. (Compl. Ex. 2). Plaintiffs appealed to Congressman Joseph Pitts, the representative of the district in which plaintiffs reside, for

---

[1] The USCIS is a subdivision of the Department of Homeland Security.

1

information concerning the status of their application, and on August 30, 2006 his office reported that an FBI name check was still pending.  (Compl. Ex. 4).

Plaintiffs filed this action on February 20, 2007, alleging violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551, et seq., which requires federal agencies to conclude matters with reasonable promptness; and seeking mandamus under 28 U.S.C. § 1361, ordering defendants to adjudicate the I-485 and I-130 applications in a timely fashion.  They claim this Court has federal question jurisdiction pursuant to the Mandamus Act and the APA.

The issue before the Court is whether subject matter jurisdiction exists to review the USCIS's delay in processing an I-130 immigration petition and an I-485 application for adjustment of status.  Defendants argue that 8 U.S.C. §§ 1252(a)(2)(B)[2] and 1252(g)[3] divest the Court of subject matter jurisdiction.  They also assert the United States Supreme Court case of Norton v. S. Utah Wilderness Alliance, 542 U.S. 55 (2004), strips the Court of subject matter jurisdiction.

## STANDARD OF REVIEW

Defendants move the Court to dismiss this case for lack of subject matter jurisdiction under Rule 12(b)(1).  A defendant may move to dismiss under Rule 12(b)(1) if the complaint does not allege sufficient grounds to establish subject matter jurisdiction on its face, or by

---

[2] Section 1252(a)(2)(B) states "Notwithstanding any other provision of law (statutory or nonstatutory), including . . . section[] 1361 . . . no court shall have jurisdiction to review (i) any judgment regarding the granting of relief under section . . . 1255 of this title, or (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ."

[3] Section 1252(g) states "Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including . . . section[] 1361 . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

factually contesting the plaintiff's allegations that subject matter jurisdiction exists. Turicentro, S.A. v. American Airlines Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002). A facial attack is considered under the same standard as a motion to dismiss pursuant to Rule 12(b)(6) and assumes the well-pleaded allegations contained in the Complaint are true. Cardio-Med. Ass'n. Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983). The Court may dismiss a facial attack "only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

Factual challenges, which do not attack the sufficiency of the pleadings but rather allege that the Court lacks subject matter jurisdiction, are not evaluated under the same standard as a 12(b)(6) motion. McCann v. Newman Irrevocable Trust, 458 F.3d 281, 290 (3d Cir. 2006). Thus, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Iwanowa v. Ford Motor Co., 67 F. Supp. 2d 424, 438 (D.N.J. 1999). Since the defendants present a facial challenge,[4] arguing plaintiffs have not properly pled subject matter jurisdiction, the Court will assume the allegations contained in the Complaint are true in resolving the motion.

## DISCUSSION

The parties agree that under § 1252 of the Immigration and Nationality Act, ("INA"), 8 U.S.C. §1255, the decision of whether to grant the plaintiffs' applications rests with the Secretary

---

[4] Defendants have not filed an answer denying plaintiffs' allegations. Furthermore, they do not contend any of plaintiffs' factual allegations are false.

of Homeland Security.  (Pl. Br., at 4; Def. Br., at 3-4).  Defendants argue the Secretary has discretion with respect to all aspects of the applications, including the time taken to complete each stage of the process.  (Def. Br., at 3-4, 8).  Defendants also argue that § 1252 precludes the Court from reviewing any of the Secretary's decisions, including the time taken to act on an application.  (Def. Br., at 4-6).  Plaintiffs contend, however, that the Secretary has a non-discretionary duty to decide a pending application within a reasonable period of time, and § 1252 does not preclude the Court from compelling the Secretary to act on plaintiffs' applications.  (Pl. Br., at 2).        Defendants also present valid policy concerns against issuing a writ of mandamus requiring the USCIS to process plaintiffs' applications, as doing so may compel some plaintiffs to "make the filing of a lawsuit a means for a naturalization applicant to 'jump to the front of the line.'"  Manzoor v. Chertoff, 472 F. Supp. 2d 801, 809 (E.D. Va. 2007); see also Qui v. Chertoff, 486 F. Supp. 2d 412, 420 (D.N.J. 2007) ("When, as here, the Court lacks power to review the ultimate agency decision and the agency's cases are backlogged, granting the writ to compel adjudication would do nothing more than shuffle to the front of the line those I-485 applicants canny enough to file a complaint in federal district court.").  Based on the facts currently before the Court, however, it is unclear if plaintiffs are waiting in line at all, or "merely lost in a bureaucratic shuffle."  Pool v. Gonzales, 2007 WL 1613272, at *3 (D.N.J. June 1, 2007).

     Also, however compelling defendants' policy argument may be, it is inapplicable to the issue before the Court.  A motion to dismiss for lack of subject matter jurisdiction is the only issue properly *sub judice*.  This Court need not, nor is it in a position to, determine whether to issue the writ of mandamus.  The record must be developed before such a determination can be made.  Thus, the Court need only decide whether plaintiffs have properly pled subject matter

4

jurisdiction in their Complaint. For the following reasons, the Court finds plaintiffs have successfully alleged subject matter jurisdiction pursuant to the APA and the Mandamus Act.

### A. Jurisdiction under the APA

Plaintiffs base their argument for jurisdiction on the APA, which governs judicial review of agency decisions. The APA requires that "[w]ithin a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). It further states that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Under the APA, a reviewing court has the power to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "Agency action" includes failure to act. 5 U.S.C. § 551(13).

In contesting plaintiffs' reliance on the APA for jurisdiction, defendants point to 5 U.S.C. §§ 701(a)(1) and (a)(2) which state the APA "applies . . . except to the extent that (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." Id. They argue that 8 U.S.C. § 1252(a)(2)(B) and §1252(g) are "statute[s] which preclude[] judicial review" and any action taken by the USCIS is purely discretionary and thus precluded from review.[5]

Defendants rely on the Supreme Court's interpretation of this statute in Norton v. S. Utah Wilderness Alliance, 542 U.S. 55 (2004), to attack plaintiffs' assertion of jurisdiction. There, the Court stated that "the only agency action that can be compelled under the APA is action legally

---

[5] See infra Part C for discussion of why § 1252(a)(2)(B) and § 1252(g) do not divest the Court of subject matter jurisdiction.

5

*required*." Id. at 63 (emphasis in original).  Further, the Court noted "a delay cannot be unreasonable with respect to action that is not required," id. at 63 n.1, and a claim under Section 706(1) can only go forward "where a plaintiff asserts that an agency failed to take a *discrete* agency action that is *required to take*." Id. at 64 (emphasis in original).

The defendants contend Section 701(a), in conjunction with the Supreme Court's interpretation of the APA in Norton, supports their assertion that this Court does not have subject matter jurisdiction because the agency's decision to approve or deny the application, as well as the time it takes to make the decision, is squarely within the agency's discretion and thus within the ambit of Norton.

The Court agrees that federal courts may not review a decision by the USCIS to approve or deny an application.  However, the obligation of the USCIS to process applications is not discretionary and is reviewable by this Court.  See Pool, 2007 WL 1613272, at *2 (holding same).  Furthermore, the Court does not agree with defendants' argument that because Congress failed to specify a time period for adjudication in the statute, the USCIS has absolute discretion to determine when an application is to be approved or denied.  "Congress need not have set a definitive deadline for an agency to act in order for a court to find a delay in agency action unreasonable; § 706(1) mandates that all action be done within a reasonable amount of time." Kaplan v. Chertoff, 481 F. Supp. 2d 370, 399 (E.D. Pa. 2007) (citing Pub. Citizen Health Research Group v. Chao, 314 F.3d 143, 152 (3d. Cir. 2002)).  When a plaintiff alleges the USCIS has unreasonably delayed, jurisdiction is proper because "USCIS simply does not possess unfettered discretion to relegate aliens to a state of limbo, leaving them to languish there indefinitely.  This result is explicitly foreclosed by the APA." Haidari v. Frazier, 06-3215, 2006

WL 3544922 (D. Minn. Dec. 8, 2006).  Having determined the APA applies to this case, the Court must give effect to its language which requires agency action "within a reasonable time."  Thus, jurisdiction is appropriate under the APA.

### B.  Jurisdiction under Mandamus Act

Title 28 U.S.C. § 1361 codifies the common law writ of mandamus, stating "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  The Mandamus Act "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear non-discretionary duty."  Heckler v. Ringer, 466 U.S. 602, 616 (1984).  The duty must be "a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion.  An act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt."  Harmon Cove Condo. Ass'n v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987) (internal quotation omitted).

Defendants' argument that this Court lacks subject matter jurisdiction is premised on the Secretary of Homeland Security's discretion to grant or deny an alien's adjustment of status application.  The INA governs the applications, and vests the Attorney General[6] with broad discretion to adjust the status of aliens,[7] 8 U.S.C. § 1255(a), and defendants argue that discretion

---

[6] Although the text of 8 U.S.C. 1255(a) refers to the Attorney General as the official who may grant adjustment of status in his discretion, the authority over such adjudications has been transferred to the Secretary of Homeland Security and the USCIS.  See 6 U.S.C. § 271(b)(5).

[7] 8 U.S.C. § 1255(a) states "the status of an alien . . . may be adjusted by the Attorney General, in his discretion . . . to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed."

destroys subject matter jurisdiction.

There is no Third Circuit precedent addressing whether subject matter jurisdiction under the Mandamus Act is precluded in this circumstance. However, the majority of federal courts that have considered similar claims have found that subject matter jurisdiction exists and mandamus relief, in some circumstances, is appropriate. See e.g., Song v. Klapakas, No. 06-05589, 2007 WL 1101283, at *3 (E.D. Pa. Apr. 12, 2007) ("These courts have reasoned that even though the actual decision to grant or deny an application for adjustment is discretionary, the USCIS has a non-discretionary duty to act on applications within a reasonable time."); Haidari, 2006 WL 3544922, at *4 (noting that while "the decision of whether to *grant* or *deny* an adjustment application is discretionary . . . [p]laintiffs are only asking [the] Court to compel Defendants to make *any* decision.") (emphasis in original); Paunescu v. INS, 76 F. Supp. 2d 896, 901 (N.D. Ill. 1999) (holding INS owes plaintiffs a "non-discretionary duty to issue a decision on plaintiffs' applications within a reasonable time"). The Court finds this reasoning persuasive. Plaintiffs have been waiting over three years for a decision on their applications. While there is no doubt the Secretary of Homeland Security has discretion to approve or deny those applications, he is not permitted an unlimited period of time to make his decision and must make it "within a reasonable time." Plaintiffs thus allege the precise type of harm the Mandamus Act is intended to redress. This Court will therefore follow the majority of courts finding mandamus jurisdiction appropriate because defendants owe a non-discretionary duty to act on plaintiffs' petitions within a reasonable time.

### C. Sections 1252(a)(2)(B) and 1252(g) Do not Bar Judicial Review

Defendants argue § 1252(a)(2)(B) compels dismissal of plaintiffs' Complaint for lack of

subject matter jurisdiction.  Section 1252(a)(2)(B)(ii) bars judicial review of any "decision or action of the Attorney General or the Secretary of Homeland Security . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security."  While there is a split of authority across Circuit Courts of Appeals and within the Third Circuit's district courts as to whether failure to, or delay in, processing an application for adjustment of status constitutes "action by the USCIS" under this statute,[8] the Court in Song, supra, identifies the deficiency in defendants' argument:

> Were plaintiffs contending that they had been denied relief, this court likely would not have jurisdiction over their claims. Because plaintiffs have neither been denied nor granted relief, [this section] does not bar jurisdiction . . . . [D]efendants simply failed to do anything at all.  This was not a 'decision,' let alone a discretionary call.  Plaintiffs do not ask this court to 'review' a governmental action, but to examine and rectify a gross inaction.

Song, 2007 WL 1101283, at *4 (quoting Paunescu, 76 F. Supp. 2d at 901).  For the reasons stated in Part A of this Memorandum Opinion, the Court finds this argument persuasive and holds Section 1251(a)(2)(B) does not bar judicial review because USCIS has not acted in any way with regard to plaintiffs' applications.

---

[8] Compare Sharawneh v. Gonzales, No. 07-683, 2007 WL 2684250, at *4 (E.D. Pa. Sept. 10, 2007) (holding USCIS has mandatory, non-discretionary duty to adjudicate applications within reasonable period of time); Duan v. Zamberry, No. 06-135, 2007 WL 626116, at *2 (W.D. Pa. Feb. 23, 2007) ("Although the speed of processing may be 'discretionary' in the sense that it is determined by choice, and that it rests on various decisions that [the Secretary] may be entitled to make, it is not discretionary in the manner required by the jurisdiction-stripping language of the [Illegal Immigration Reform and Immigrant Responsibility Act]."); Loo v. Ridge, No. 04-5553, 2007 WL 813000, at *3 (E.D.N.Y. Mar. 14, 2007) (noting adjudicating an adjustment of status application not at discretion of defendants); Singh v. Still, 470 F. Supp. 2d 1064, 1068 (N.D. Cal. 2007) (noting defendants conceded they have mandatory duty to act on adjustment applications); with Elzrew v. Mueller, No. 07-116, 2007 WL 1221195, at *4 (E.D. Pa. Apr. 23, 2007) (finding no subject matter jurisdiction under Mandamus Act or APA); Serrano v. Quarantillo, No. 06-5221, 2007 WL 1101434, at *4 (D.N.J. Apr. 9, 2007) (granting motion to dismiss for lack of subject matter jurisdiction); Safadi v. Howard, 466 F. Supp. 2d 696, 700 (E.D. Va. 2006) (neither Mandamus Act nor APA confer subject matter jurisdiction).

Defendants also contend § 1252(g)[9] divests the Court of subject matter jurisdiction, and rely on Gomez-Chavez v. Perryman, 308 F.2d 796 (7th Cir. 2002), to support their argument. In Gomez-Chavez, plaintiff, a Mexican national, was removed from the United States pursuant to 8 U.S.C. § 1225(b)(1) and barred from reentering for five years without the Attorney General's consent. Id. at 798. Less than one month after his removal, Gomez-Chavez illegally reentered and married a United States citizen. Id. at 799. He later filed an I-485 application for adjustment of status and, despite the removal order, the INS issued him an Employment Authorization Card. Id. Two years later, Gomez-Chavez and his wife appeared for an interview in conjunction with the application for adjustment of status, at which time the INS agent realized Gomez-Chavez had illegally reentered the country. Id. The removal order was subsequently reinstated and he was ordered to report to INS. Id.

Gomez-Chavez then filed a complaint in district court seeking an order commanding the INS to adjust his status. The district court dismissed his complaint and the Seventh Circuit affirmed, finding that 8 U.S.C. § 1252(g) barred plaintiff from obtaining such an order. The court stated that "[a]n alien attempting to achieve judicial review of such discretionary measures may not avoid the § 1252(g) bar by the simple expedient of recharacterizing a claim as one challenging a refusal to act." Id. at 800.

In contrast to Gomez-Chavez, plaintiffs' case does not entail a pending deportation action. Plaintiff legally entered the United States, married a U.S. citizen, and subsequently applied for an adjustment of status. Section 1252(g) of the INA is to be narrowly read, and according to the Supreme Court only applies to actions of the attorney general taken *during the*

---

[9] See supra note 3 for text of section 1252(g).

*deportation process*. Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 483 (1999). Courts have held that where a petition for adjustment of status is "separate and distinct from any matter related to an order of deportation, § 1252(g) 'has nothing to do with the . . . case . . . .'" Sabhari v. Reno, 197 F.3d 938, 942 (8th Cir. 1999) (quoting Shah v. Reno, 184 F.3d 719, 722 (8th Cir. 1999)). Thus, because plaintiffs' petition for adjustment of status is not part of any deportation process, § 1252(g) does not preclude this court from exercising jurisdiction. See Serrano v. Quarantillo, 2007 WL 1101434, at *2 (D.N.J. Apr. 9, 2007) (holding same).

## CONCLUSION

The Court concludes the USCIS has a non-discretionary duty to adjudicate plaintiffs' applications. Plaintiffs properly invoke subject matter jurisdiction pursuant to 28 U.S.C. § 1331, the Mandamus Act, and the APA. Accordingly, defendants' motion to dismiss for lack of subject matter jurisdiction is denied.[10]

---

[10] Because "there is no factual record, the Court is unable at this juncture to ascertain" whether plaintiff is entitled to the requested relief. Elhaouat v. Mueller, 07-632, 2007 WL 2332488, at *5 (E.D. Pa. Aug. 9, 2007) (citing Oil, Chem., & Atomic Workers Union v. OSHA, 145 F.3d 1120, 1233 (3d Cir. 1998). The factual record must be developed before the Court can properly examine the nature and cause of the delay.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOHAMED MOHAMED SOLIMAN, et al. | : : : | |
| Plaintiffs | : : | CIVIL ACTION |
| vs. | : : | |
| ALBERTO R. GONZALES, et al. | : : : | NO. 07-CV-0682 |
| Defendants | : | |

## ORDER

AND NOW, this 5th day of December, 2007, it is hereby ORDERED that defendants' Motion to Dismiss (Docket No. 3) is DENIED.  The parties shall complete discovery within 45 days of the date of this Order and shall file any appropriate motions within 30 days thereafter.

BY THE COURT:

*/s/ Thomas M. Golden*
THOMAS M. GOLDEN, J.